1
2
3
4
5
6
7            IN THE UNITED STATES DISTRICT COURT

8         FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                     SAN JOSE DIVISION

10  MOHAMMAD SAATNIA,                    CASE NO. 5:11-CV-02003-EJD

11                                       **ORDER GRANTING DEFENDANT'S**
                    Plaintiff,           **MOTION TO DISMISS WITH LEAVE TO**
12     v.                                **AMEND**

13  WALGREEN COMPANY,
                                         [Re: Docket Item Nos. 4, 11]
14
                    Defendant.
15  _____/

16

17        Plaintiff Mohammad Saatnia filed this action pro se on May 10, 2010 in the Superior Court

18  of California, County of Santa Clara. Defendant Walgreen Co. ("Walgreens") was served with the

19  summons and complaint on March 26, 2011 and removed the case to this court on April 25, 2011.

20  Walgreens immediately moved to dismiss the form complaint under federal pleading standards. The

21  court held hearing on Walgreens's motion on October 21, 2011. Before addressing Walgreens's

22  motion to dismiss for failure to state a claim upon which relief can be granted, the court takes up the

23  question of subject matter jurisdiction. For the reasons set forth below, the motion is granted, and

24  Plaintiff is afforded leave to amend his complaint..

25

26        I. SUBJECT MATTER JURISDICTION

27             A. Legal Standards

28        A district court must have subject matter jurisdiction over a case in order to rule on its

1

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   merits. <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 94 (1998); <u>Valdez v. Allstate</u>

2   <u>Ins. Co.</u>, 372 F.3d 1115 (9th Cir. 2004). The principal bases for original subject matter jurisdiction

3   in federal district courts are (1) the existence of a federal question, 28 U.S.C. § 1331; and (2)

4   diversity of citizenship between the parties paired with an amount in controversy exceeding $75,000,

5   28 U.S.C. § 1332. A court may also exercise supplemental jurisdiction over state law claims which

6   are related to claims over which the court has original jurisdiction. 28 U.S.C. § 1367.

7       District courts have federal question jurisdiction over claims "in which a well-pleaded

8   complaint establishes either that federal law creates the cause of action or that the plaintiff's right to

9   relief necessarily depends on resolution of a substantial question of federal law." <u>Franchise Tax Bd.</u>

10  <u>of the State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.</u>, 463 U.S. 1, 27–28 (1983). In

11  actions between one plaintiff and one defendant, diversity jurisdiction is proper when the parties are

12  citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

13      A suit may be removed from state court to federal court if the federal court would have had

14  original jurisdiction over the case, i.e., if the requirements of federal question or diversity

15  jurisdiction are met. 28 U.S.C. § 1441(a). However, "[i]f at any time before final judgment it appears

16  that the district court lacks subject matter jurisdiction, the case shall be remanded" to the originating

17  state court. 28 U.S.C. § 1447(c). The court must "strictly construe the removal statute against

18  removal jurisdiction." <u>Gaus v. Miles, Inc.</u>, 980 F.2d 564, 566 (9th Cir. 1992).

19          B. Discussion

20      Walgreens's Notice of Removal is based on the existence of both federal question and

21  diversity jurisdiction. Upon review, the former is lacking, but the latter is present.

22          1. Removal Based on Federal Question Jurisdiction

23      "In determining the existence of removal jurisdiction based upon a federal question, we must

24  look to the complaint as of the time the removal petition was filed." <u>Libhart v. Santa Monica Dairy</u>

25  <u>Co.</u>, 592 F.2d 1062, 1065 (9th Cir. 1979). In particular, a complaint which would not give rise to

26  federal question jurisdiction "cannot be made removable by any statement in the petition for

27  removal or in subsequent pleadings by the defendant." <u>Great Northern Railway Co. v. Alexander</u>,

28  246 U.S. 276, 281 (1917). The existence of the EEOC Charge and Dismissal—which Walgreens

2

1  submitted concurrently with the Notice of Removal—is therefore immaterial to the issue of federal

2  question jurisdiction.

3      In its statement of the claims, Plaintiff's form complaint does nothing more than list the five

4  causes of action he attempts to bring: "Employment, Wrongful Constructive Termination,

5  Conspiracy, Harassment, Defamation." No attachments containing any more information relating to

6  these claims are present in the record even though the form purports to require them. None of these

7  "causes of action" is explicitly federal. To the contrary, each one could be grounded in state law, so

8  the "artful pleading" doctrine does not apply <u>Redwood Theatres, Inc. v. Festival Enterprises, Inc.</u>,

9  908 F.2d 477, 479 (9th Cir. 1990). For the same reason, the complaint does not establish that

10  Plaintiff's claims necessarily depend on resolution of a substantial question of federal law.

11  2. Removal Based on Diversity Jurisdiction

12      In determining whether removal is proper based on diversity jurisdiction, the court can look

13  past the complaint to evidence submitted along with the Notice of Removal. Where, as here, it is not

14  facially apparent from the complaint that a federal court would have diversity jurisdiction over the

15  case, the defendant bears the burden of proving by a preponderance of the evidence that jurisdiction

16  is proper. <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 403–04 (9th Cir. 1996); <u>Gaus</u>, 980

17  F.2d at 567.

18      Walgreens has established diversity of citizenship: the Plaintiff is a citizen of California, and

19  Walgreens is a citizen of Illinois. Notice of Removal 2:6–14; Murray Decl. ¶¶ 2–3, ECF No. 2.

20      As to the amount in controversy, the complaint asserts only that the demand exceeds

21  $25,000. To show that the amount in controversy exceeds the federal jurisdictional

22  minimum—$75,000—the Defendant argues that since Plaintiff's claims are employment-related, he

23  almost certainly seeks back pay as a remedy, and that the back pay he would be owed exceeds

24  $96,000.[1]

25      The EEOC Charge, which is attached as Exhibit A to the Murray Declaration accompanying

---

[1] Defendant calculated this number by by multiplying the Plaintiff's $36,296 annual salary by the two years and eight months between the termination of Plaintiff's employment and the removal of this case to federal court.

3

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1  the Notice of Removal, demonstrates that Plaintiff's claim for wrongful termination likely includes

2  employment discrimination claims for which back pay is an available remedy. At hearing, Plaintiff

3  confirmed that he seeks the "maximum" possible remedy. As a result, the court finds that the

4  amount-in-controversy requirement of the diversity statute has been shown by a preponderance of

5  the evidence, and that this court may properly exercise jurisdiction over the case. If circumstances

6  arise that call this conclusion into question, the court will exercise its duty to reexamine the issue at

7  that time.

8

9      II. DEFENDANT'S MOTION TO DISMISS

10         A. Legal Standard

11      Under Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed if it fails to

12  state a claim upon which relief can be granted. In deciding whether to grant a motion to dismiss, the

13  court generally "may not consider any material beyond the pleadings." Hal Roach Studios, Inc. v.

14  Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). However, "material which is

15  properly submitted as part of the complaint may be considered." Id.

16      In considering a motion pursuant to Rule 12(b)(6), the court must accept as true all

17  "well-pleaded factual allegations." Ashcroft v. Iqbal, 556 U.S. —, 129 S. Ct. 1937, 1950 (2009). The

18  court must also construe the alleged facts in the light most favorable to the plaintiff. Love v. United

19  States, 915 F.2d 1242, 1245 (9th Cir. 1988). Even so, "courts are not bound to accept as true a legal

20  conclusion couched as a factual allegation." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

21  (2007).

22      "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

23  accepted as true, 'to state a claim to relief that is plausible on its face.'" Iqbal, 129 S. Ct. at 1949

24  (internal citations omitted); Fed. R. Civ. P. 8(a). "A claim has facial plausibility when the plaintiff

25  pleads factual content that allows the court to draw the reasonable inference that the defendant is

26  liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "While legal conclusions can provide

27  the framework of a complaint, they must be supported by factual allegations." Id. at 1950. The

28  factual allegations must "raise [the] right to relief above the speculative level." Twombly, 550 U.S.

4

**United States District Court**
For the Northern District of California

1   at 555.

2          Leave to amend should be freely granted "unless the court determines that the allegation of

3   other facts consistent with the challenged pleading could not possibly cure the deficiency."

4   Schreiber Distrib. Co. v. Serv–Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez

5   v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); Fed. R. Civ. P. 15(a). Where amendment to the

6   complaint would be futile, the court may order dismissal with prejudice. Dumas v. Kipp, 90 F.3d

7   386, 393 (9th Cir. 1996).

8          B. Discussion

9          Plaintiff's form complaint contains no facts in support of its claims for relief. The factual

10  statements of other submissions, such as the Notice of Removal or a Case Management Statement

11  are not considered on a 12(b)(6) motion to dismiss. Accordingly, the motion to dismiss must be

12  granted.

13         Defendant requests that the dismissal be with prejudice—that is, without leave to amend. A

14  dismissal with prejudice is inappropriate here for at least three reasons. First, Plaintiff is proceeding

15  pro se, and courts are particularly lenient in allowing pro se litigants to correct mistakes. Second, the

16  case was filed in state court, where a lower pleading standard applies. Third, there are so few facts

17  pled in this complaint that it would be difficult to determine what claims would be barred by a

18  dismissal with prejudice.

19         Plaintiff will be given leave to amend the complaint. At the hearing on the instant motion,

20  Plaintiff requested a court order requiring Walgreens to produce a copy of his employment file.

21  Because the case has not proceeded past the pleading stage, the request was denied. But it is worth

22  noting that the complaint need not be amended with proof of facts giving rise to a claim for relief,

23  but merely with allegations that would give rise to a claim for relief if the allegations were proven

24  true. Section II.A of this order provides guidance on the standard of review on which a complaint is

25  evaluated.

26  /

27  /

28  /

5

1      III. ORDER

2      Good cause therefor appearing, IT IS HEREBY ORDERED that Defendant's Motion to

3 Dismiss is GRANTED WITH LEAVE TO AMEND. Plaintiff shall file an amended complaint

4 within thirty (30) days of the date of this order.

5

6 **IT IS SO ORDERED.**

7

8 Dated: October 21, 2011



                                    EDWARD J. DAVILA

9                                    United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

CASE NO. 5:11-CV-02003-EJD
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND